

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SANTO LANZAFAME, in his fiduciary
capacity as a Trustee of the Pointers, Cleaners
& Caulkers Welfare Pension & Annuity Funds,
and as President of the Bricklayers and Allied
Craftworkers Local Union No. 1, B.A.C.I.U.,
AFL-CIO,

                  Plaintiff,

-against-

DIAMOND EXTERIOR RESTORATION
CORP., et al.,

                  Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
04-CV-4951 (FB)(CLP)

*Appearances*:
*For the Plaintiff*:
WILLIAM EDWARD NAGEL, ESQ.
Holm and OHara, LLP
420 Lexington Avenue
Suite 1745
New York, NY 10170

**BLOCK, Senior District Judge:**

        On May 8, 2006, Magistrate Judge Pollak issued a Report and Recommendation ("R & R") on the amount of damages to which plaintiff is entitled from defendant Diamond Exterior Restoration Corporation ("Diamond"). The R & R stated that "[a]ny objections to this [R & R] must be filed . . . within ten (10) days of receipt of this [R&R][,]" and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *See* R & R at 10; *see also* 28 U.S.C. § 636(b)(1). None of the parties has objected to the R & R.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Plaintiff served a copy of the R & R on Diamond on July 13, 2006, via first class mail, thereby providing it with notice of the R&R and informing it of its right to object and the consequences of not so doing. *See* Docket No. 50.

The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error in ruling against the defaulting party. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing on the face of the R & R suggests plain error. Accordingly, the Court adopts the R & R without *de novo* review.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
August 2, 2006